

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~ATTORNEY WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable James E. Kilday, Director
Motor Transportation Division,
Railroad Commission of Texas,
Austin, Texas

Dear Sir:

Opinion No. 0-1518
Re: Whether a person can hold a
certificate of public conven-
ience and necessity, and at
the same time hold a special
commodity permit.

We received your letter of September 29, 1939, requesting our opinion of the following question:

"Whether, under the Motor Carrier Laws of Texas, a person may hold a certificate of public convenience and necessity authorizing common carrier truck service, and, at the same time, a special commodity permit authorizing transportation of certain specified commodities by truck?"

Article 911b, Vernon's Annotated Civil Statutes, being H. B. No. 335, Ch. 277, p. 480, Acts 42d Legislature, as amended, reads in part as follows:

"Section 1. Definitions. -- When used in this act un-less expressly stated otherwise: . . .

"(e) The term 'certificate' means certificate of pub-lic convenience and necessity issued under this act.

"(f) The term 'permit' means the permit issued to contract carriers under the terms of this act.

"(g) The term 'motor carrier' means any person, firm, corporation, company, co-partnership, association

or joint stock association, and their lessees, receivers or trustees appointed by any court whatsoever owning, controlling, managing, operating or causing to be operated any motor-propelled vehicle used in transporting property for compensation or hire over any public highway in this State, where in the course of such transportation a highway between two or more incorporated cities, towns or villages is traversed; provided, that the term 'motor carrier' as used in this act shall not include, and this act shall not apply to motor vehicles operated exclusively within the incorporated limits of cities or towns."

Section 6(d), as amended in 1937, reads in part as follows:

"The Railroad Commission is hereby given authority to issue upon application to those persons who desire to engage in the business of transporting for hire over the highways of this State livestock, mohair, wool, milk, livestock feedstuffs, household goods, oil field equipment, used office furniture and equipment, timber when in its natural state, farm machinery and grain special permits upon such terms, conditions and restrictions as the Railroad Commission may deem proper, and to make rules and regulations governing such operations keeping in mind the protection of the highways and the safety of the traveling public * * *."

We call your attention to Section 6(d) which gives the Railroad Commission authority to issue special commodity permits "upon such terms, conditions and restrictions as the Railroad Commission may deem proper". This section is followed by Section 6(bb) which reads as follows:

"No application for permit to operate as a contract carrier shall be granted by the Commission to any person operating as a common carrier and holding a certificate of convenience and necessity, nor shall any application for certificate of convenience and necessity be granted by the Commission to any person operating as a contract carrier nor shall any vehicle be operated by any motor carrier with both a per- mit and a certificate."

Section 6(bb) prohibits a common carrier from holding a contract permit and prohibits a contract carrier from holding a certificate of public convenience and necessity. Section 6(bb) then provides "nor shall any vehicle be operated by any motor carrier with both a permit and a certificate." We reach the conclusion that a special commodity permit is a permit as that term is used in Section 6(bb).

On July 16, 1931, Hon. T. S. Christopher, Assistant Attorney General, rendered an opinion to the Railroad Commission of Texas on the following question:

"Please advise whether under your construction of Sections 6d and 6bb of H. B. No. 335, Acts of the Regular Session of the Forty-first Legislature (Forty-second Legislature), a person can hold a Common Carrier Certificate or Contract Carrier Permit, and also a Special Permit authorizing the transportation of the articles named in such Section 6d."

The opinion, in part, reads as follows:

"You are advised that under the provisions of the Act, as referred to, the holder of a certificate of convenience and necessity is not permitted to hold, in addition thereto, a contract carrier permit nor a special commodity permit."

We are unable to agree with Mr. Christopher's contention that his opinion was dicta in so far as it discusses the question raised in your letter. We wish to point out that the same specific question was raised in the above-quoted opinion and is answered in Mr. Christopher's opinion.

Sections 6(d) and 6(bb), Art. 911b, became effective on June 6, 1931. Shortly thereafter, to be exact, July 16, 1931, the Attorney General's department rendered an opinion to the effect that a common carrier could not hold a special commodity permit. The Railroad Commission has consistently followed the construction set out by the above opinion. Since the enactment into law of the special commodity clause in 1931, the Railroad Commission has never construed Section 6(d) and 6(bb) to permit a common carrier to hold a special commodity permit. The Legislature has

never seen fit to change the verbiage to show a contrary intention. It is reasonable to presume that the correct construction was placed on Sections 6(d) and 6(bb).

We might say that we are unable to find any language in the Motor Carrier Act which would permit a common carrier to hold a special commodity permit. To the contrary, the evident intention of the Legislature was to prohibit a common carrier from operating in another field.

Since the Motor Carrier Act prohibits the operation of any motor vehicle by any motor carrier with both a permit and a certificate, it follows, for reasons herein stated, that a holder of a certificate of public convenience and necessity cannot at the same time hold a special commodity permit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

By *Lee Shoptaw*

Lee Shoptaw

LS-MR

APPROVED NOV 8, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

By  B. W. B.
Chairman